UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE RUSSELL LEISHNER,<br><br>                    Plaintiff,<br><br>        v.<br><br>COEUR D'ALENE COUNTY<br>SHERIFF'S OFFICE, RAUL R.<br>LABRADOR, ROBERT B. NORRIS,<br>JEFF NYE,<br><br>                    Defendants. | Case No. 2:24-cv-00395-BLW<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

Plaintiff Dale Russell Leischner ("Plaintiff") asserts prisoner civil rights and disabilities claims in his Complaint. Dkt. 3. The case was transferred to this Court via a venue transfer from the United States District Court for the District of Montana. Dkt. 9. The Court must review complaints filed by prisoners seeking relief against state actors to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915A. Having reviewed Plaintiff's Complaint, the Court issues the following Order requiring amendment.

## REVIEW OF COMPLAINT

### 1.  Standard of Law for Screening

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

Under Rule 8 and 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all of the claims in a complaint for any of the following reasons:

- "insufficient facts under a cognizable legal theory," *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- "lack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar  sua sponte (on its own), *see, e.g.*, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- frivolousness or maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- seeking monetary relief from a defendant who is immune from such relief. *Id.*

## 2. Discussion of Section 1983 Civil Rights Claims

To state a claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, Plaintiff is a Montana prisoner who was transported to the Kootenai County Jail ("jail") in Coeur d'Alene, Idaho, to respond to Idaho state criminal charges in 2024. His claims arise from his stay at the jail.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

### A. Eighth or Fourteenth Amendment Exercise Claims

Plaintiff alleges that he had no fresh air or recreation for 90 days while incarcerated at the Kootenai County Jail. His status as both a convicted felon and a pretrial detainee calls into question the standard of law to be applied to his claims.

A pretrial detainee's claims arise under the Fourteenth Amendment Due Process Clause, which prohibits *all* "punishment" of a pre-conviction detainee, rather than the Eighth Amendment which prohibits only *cruel and unusual* punishment of a convicted prisoner. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1971). No precedential Ninth Circuit case has addressed whether a convicted felon already serving a sentence should be treated as a pretrial detainee on a new probation or parole charge or as a convicted felon. In an unpublished case, the Ninth Circuit determined that, where a convicted felon was newly being held as a pretrial detainee on a parole violation, "[w]e have little difficulty concluding that the Eighth Amendment provides the proper standard for [the parole violator]." *Flores v. Mesenbourg*, 116 F.3d 483 (9th Cir. 1997) (unpubl.); *accord*, *Henderson v. Fries*, 2011 WL 2198312 at * 9, n. 2 (N.D. Ind. 2011) (collecting cases); *Cleveland v. Los Angeles Cnty. Sheriffs Dep't*, No. CV 15-1399-DSF (GJS), 2015 WL 13907452, at *1 (C.D. Cal. Dec. 23, 2015) (leaning toward Eighth Amendment but finding that the claim failed under either standard). This Court need not decide this issue today, but notes only that Plaintiff has not stated a cognizable claim under either standard.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

An Eighth Amendment claim has two components. The first is an objective showing: Plaintiff must allege facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

The second component is a subjective showing: that Defendant acted with "deliberate indifference," which is "more than mere negligence," but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To exhibit deliberate indifference, a jail official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference," *id.* at 837, and then the official must recklessly disregard the excessive risk to the inmate's health or safety, *id.* at 838.

Similarly, pretrial detainees' conditions-of-confinement claims are analyzed under an "objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Under that standard, a detainee must establish the following elements: "(1) The defendant made an intentional decision with respect to the conditions [of confinement]; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

the plaintiff's injuries." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir.) (citation omitted). To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. (citation omitted).

Exercise is "one of the basic human necessities" protected by the Constitution." *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (quoting *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993)). "[T]he Constitution requires jail officials to provide outdoor recreation opportunities, or otherwise meaningful recreation, to prison inmates." *Norbert v. City & Cnty. of San Francisco*, 10 F.4th 918, 931 (9th Cir. 2021) (citations omitted). In *Norbert*, the Court emphasized that it had never held that "the Eighth or Fourteenth Amendments categorically required exercise to take place outdoors regardless of any indoor recreation options." *Id*.

There is no "bright-line" rule setting forth the amount of time or circumstances under which prisoners may be denied out-of-cell exercise before the deprivation is considered "sufficiently serious" to invoke constitutional protection. The Ninth Circuit has consistently held the "long-term" denial of exercise may violate the Eighth Amendment. *See Lopez v. Smith,* 203 F.3d 1122, 1132–33 (9th Cir.2000) (en banc) (holding a six-and-half week denial sufficient to satisfy the objective component of an Eighth Amendment violation); *Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir.1996), *as*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

*amended* 135 F.3d 1318 (9th Cir.1998) (finding triable issues of fact regarding six–month deprivation of exercise).

Here, Plaintiff's facts state a cognizable lack of exercise claim. However, he cannot proceed because he has not causally linked an appropriate defendant to an Eighth or Fourteenth Amendment exercise claim. For example, if Plaintiff has facts showing that Defendant Sheriff Robert Norris personally knew of and ignored the alleged constitutional violation, Plaintiff must provide them in an amended complaint, or omit this Defendant, if Plaintiff has no such facts. Plaintiff's jail grievance on this subject should show which jail official was made aware of the alleged violation and how the official reacted; *that* official would be a proper defendant.

In selecting proper defendants, Plaintiff should be aware that "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (there is no respondeat superior liability under § 1983). "Personal participation" for a supervisor means there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Allegations sufficient to show a causal connection include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

(5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1207-08 (internal quotations and punctuation omitted).

### A. *Fourth Amendment Civil Rights Claims*

Plaintiff next asserts he was arrested (1) for failure to use his blinker when he "got into a right turning lane only," and (2) for possession of illegal drugs, which officers found after they broke into a lock box in his car. Dkt. 1 at 4-6. Plaintiff asserts officers had no probable cause to search his vehicle without a warrant, and that he was never issued a ticket for the traffic stop, showing it was merely a ruse for the illegal search.

The Idaho Supreme Court register of actions shows that Plaintiff was charged with one felony and three misdemeanor charges arising out of this stop in Idaho state court case No. CR28-19-21385, on December 30, 2019. He pleaded guilty to two misdemeanors, and the other two charges were dismissed in a plea agreement.[1] He was ordered to serve 180 days in the Kootenai County Jail, but was given 180 days' pre-sentence credit for time served. After conviction, Plaintiff was returned to a Montana prison.

These allegations call into question Plaintiff's Idaho criminal convictions and sentences, raising the question of applicability of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply that a plaintiff's conviction or sentence is invalid, he must first prove that the conviction or sentence has been overturned on appeal or in a state or

---

[1] *See* https://portal-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0, reproduced as Exhibit A to this Order.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

federal post-conviction action. *Id.* at 486-87. If the conviction or sentence has not been overturned, the claim is not cognizable under § 1983. *Id*. at 487.

However, an exception to *Heck* may be available when a plaintiff (1) has completed his sentence, and (2) habeas corpus relief is unavailable to him through no fault of his own. *Nonette v. Small*, 316 F.3d 872 (9th Cir. 2002); *see Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2006) ("Guerrero cannot now use his 'failure timely to pursue habeas remedies' as a shield against the implications of *Heck*. Accordingly, we hold that *Heck* bars Guerrero's § 1983 claims of wrongful arrest, malicious prosecution, and conspiracy.").

Here, Plaintiff's conviction would not have been obtained but for the evidence found during the allegedly illegal search, which appears to implicate *Heck*. However, Plaintiff has completed his sentence, which can be an exception to the *Heck* bar. Any delay in bringing a habeas claim is in question. An additional question is whether his misdemeanor is sufficient to satisfy the requirement that a past conviction must have collateral consequences to be challengeable after completion of the sentence. *Cf. Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) (recognizing "an irrefutable presumption "that all convictions, even misdemeanors, have collateral consequences), with *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("declin[ing] to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation" but not ruling on the misdemeanor issue).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

Because the potential *Heck* issue requires a review of the state court record and argument from both parties, the Court will reserve ruling on this issue at this time. If the Court later finds that *Heck* applies, the claims will be deemed premature and dismissed without prejudice.[2]

### B.  *Disability Claims*

Plaintiff alleges that, as a disabled 76-year-old inmate, he was subjected to living conditions that violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Dkt. 1 at 3. The only area of the jail that was equipped for handicapped detainees was the "Detox" facility, and it had only one handicapped cell, which was occupied by another inmate. *Id*. at 7. Plaintiff, nevertheless, was placed in the Detox facility, because his wheelchair fit through that unit's doorway. *Id*. He stayed in that housing unit for 90 days while awaiting a court hearing. *Id*. at 3. He asserts there were no handrails near the toilet or in the shower area. *Id*.

The ADA generally prohibits discrimination on the basis of an individual's disability. To proceed with an ADA claim, a plaintiff must plausibly allege (1) that he has a disability; (2) that he is otherwise qualified to participate in or receive a public entity's services, programs, or activities; (3) that he was denied the benefits of those services, programs, or activities, or was otherwise discriminated against by the public entity; and

---

[2] The statute of limitations for a § 1983 claim that is dependent upon a prior state court action to invalidate a conviction does not begin to run until the conviction is reversed, expunged or declared invalid, because the § 1983 cause of action does not arise until the state court action is completed. *See Heck*, 512 U.S. at 489.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

(4) that such exclusion, denial of benefits, or discrimination was *by reason of* his disability. *See Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). Title II of the ADA applies to "anything a public entity does." 28 C.F.R. Pt. 35, App. B.

Unlike a § 1983 claim, by statutory definition, a Title II ADA claim must be brought against a state or state entity. *See U.S. v. Georgia*, 546 U.S. 151 (2006) (Title II of the ADA validly abrogates Eleventh Amendment immunity for states for conduct that actually violates the Fourteenth Amendment). Claims against individuals asserted under the ADA are treated as official capacity claims because no individual capacity claims under the statute exist. *See, e.g., Becker v. Oregon*, 170 F. Supp. 2d 1061 (D. Or. 2001).

Plaintiff no longer resides at the jail, and so injunctive relief is not at issue. But to recover monetary damages against a state or state entity under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998), under a standard of "[d]eliberate indifference [which] requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001) (citations omitted), *as amended on denial of reh'g* (Oct. 11, 2001).

The ADA can be used to challenge the lack of handicap-accessible prison facilities. *See St. Pierre v. McDaniel*, 1999 WL 109927, at *1 (9th Cir. March 2, 1999) (unpubl.) ("Given the evidence presented by [the plaintiff] concerning the effect of

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 10**

defendants' failure to provide him with his crutches, we conclude the district court erred by granting summary judgment on his Eighth Amendment and ADA claims concerning access to the showers, recreation, meals, and medical services."). *Accord, Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022) ("We have no difficulty concluding that a handicapped-accessible toilet for disabled prisoners amounts to a service, the denial of which could establish a claim under either statute [the ADA or RA]."[3] *See United States v. Georgia*, 546 U.S. 151, 157 (2006) (observing that the refusal to accommodate disability-related needs for 'hygiene' could constitute the denial of a service)"); *Bernard v. Illinois Dep't of Corr.*, No. 3:20-CV-50412, 2023 WL 8650374, at *2-3 (N.D. Ill. Dec. 14, 2023) ("Mr. Bernard is a qualified individual with a disability, as the Seventh Circuit has found that confinement to a wheelchair and incontinence can render an individual disabled under the ADA and Rehabilitation Act. *See Shaw*, 52 F.4th at 334; Dkt. 145-1 at 13."); *cf. Furgess v. Pennsylvania Dep't of Corr.*, 933 F.3d 285, 288 (3d Cir. 2019) (Plaintiff was not able to shower for three months and slipped and was knocked unconscious when he used a shower without rails or safety bars).

Plaintiff has not alleged that he was not able to use the bathroom and shower, only that he suffered from mental anguish by being deprived of handrails near the toilet and shower for 90 days. He seeks "$1.5 million or 3 million" for "mental anguish and

---

[3] The RA is the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701 *et seq*. The ADA and the RA are congruent statutes in purpose and application. *See Clark v. California*, 123 F.3d 1267, 1270 (9th Cir. 1997).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 11**

emotional distress and malicious intent to harm and degrade a citizen of age 76 years old and handicapped." *Id*. at 5.

To state a claim for monetary damages under the ADA in the amended complaint, Plaintiff must set forth sufficient factual allegations stating a plausible ground that supports a showing of deliberate indifference. That is, the plaintiff must prove "both knowledge that harm to a federally protected right was substantially likely, and a failure to act upon that likelihood." *Duvall*, 260 F.3d at 1139 (citing City of *Canton v. Harris*, 489 U.S. 378, 389 (1988)). The first element is satisfied by a showing that the public entity had notice that an accommodation is required. *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002). The second element is satisfied if the entity's "failure to act [is] a result of conduct that is more than negligent, and involves an element of deliberateness." *Id*.; *see Furgess*, 933 F.3d at 292.

Plaintiff has alleged that the state actors' conduct was intentional and malicious, but he has not provided sufficient facts in support. He has done nothing other than to re-state the legal standard. He will be given leave to file an amended complaint to correct the deficiencies identified in this Order.

### C. *State of Idaho Defendants*

As to the § 1983 claims, the state of Idaho is immune from suits for damages under the Eleventh Amendment. The Eleventh Amendment provides "sovereign immunity" to states and state entities. That means the IDOC, which is a state entity, cannot be sued in federal court except in two instances: (1) where the state of Idaho has

expressly waived its sovereign immunity, *see Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); or (2) where Congress acted under a valid grant of constitutional authority and specifically intended to abrogate state sovereign immunity. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000).

The state of Idaho has not waived sovereign immunity for § 1983 suits in federal court, and Congress has not abrogated state sovereign immunity for such suits. The Eleventh Amendment's jurisdictional bar applies to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff may not proceed against the state of Idaho.

As to the ADA claims, Plaintiff has not stated any allegations showing that the state of Idaho operates the Kootenai County Jail. Thus, the state of Idaho is not a proper defendant.

It appears that the claims arise under the authority of Kootenai County. Unless Plaintiff has additional facts to assert in his amended complaint, he should not include Defendants Raul R. Labrador, the Idaho state attorney general; or Jeff Nye, an Idaho state deputy attorney general.

## ORDER

    **IT IS ORDERED** that Plaintiff must submit an amended complaint, consistent with the instructions above, within **30 days** after entry of this Order. Failure to file anything further will result in dismissal of this action without prejudice, without further notice.

DATED: December 30, 2024

B. Lynn Winmill
U.S. District Court Judge