UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE RUSSELL LEISHNER,<br><br>                Plaintiff,<br><br>v.<br><br>COEUR D'ALENE COUNTY SHERIFF'S OFFICE, RAUL R. LABRADOR, ROBERT B. NORRIS, JEFF NYE,<br><br>                Defendants. | Case No. 2:24-cv-00395-BLW<br><br>**ORDER** |

      Plaintiff Dale Russell Leischner ("Plaintiff") is a Montana state prisoner who asserts prisoner civil rights and disabilities claims against Idaho officials arising from his past detention in the Kootenai County Jail. Dkt. 1. The Court entered a lengthy Initial Review Order giving Plaintiff instructions for amendment. Dkt. 16.

      Plaintiff has filed a Motion to Appoint Counsel. He cites his lack of legal knowledge and lack of legal resources. He also states that he is visually impaired, is confined to a wheelchair, and is housed in the medical unit of the Montana State Prison. Dkt. 17 at 2.

      Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent

ORDER - 1

litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff appears to have the same access to prison legal resources as any prisoner confined in a medical unit of a prison. His inability to visit a law library or to more fully litigate his claims are "incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355 (1996), *holding limited by Bounds v. Smith*, 430 U.S. 817, 828 (1977).

In *Bounds*, the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828. In *Lewis*, the Court explained the limitations of the *Bounds* holding. There, the Court emphasized that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." 518 U.S. at 351.

Accordingly, there is no mandate as to the type of assistance that must be provided. Inmates are not constitutionally guaranteed either a law library or legal assistance. *Id*. at 35051. Rather, an inmate is guaranteed the right to access the courts, which requires prison authorities to make available to inmates "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id*. at 351 (citing *Bounds*, 430 U.S. at 825).

ORDER - 2

As a result, the Montana prison is under a legal obligation to provide some type of reading and writing assistance to Petitioner in this instance–whether it is an inmate, officer, or paralegal help–so that Petitioner can read or be read his legal documents and prepare his pleadings and papers in this matter. It need not be a person with legal training; it need only be a tool or person who can help Plaintiff know the contents of the legal documents issued by the Court or filed by an opposing party and put his thoughts into a written form. Plaintiff has been able to prepare typewritten pleadings and papers to date. Thus, his access to the courts right has been protected, and there is no present concern that Plaintiff would not be able to continue preparing his filings as he does now or otherwise obtain assistance. However, if that becomes an issue, Plaintiff should notify the Montana Court through the prison grievance system, so that alternative aid can be arranged.

The Court will provide Plaintiff with additional time to file an Amended Complaint. There is no need for a hearing on these issues; therefore, Plaintiff's Motion for a Hearing will be denied.

## ORDER

IT IS ORDERED:

1. Plaintiff's Motion for Appointment of Counsel (Dkt. 17) is DENIED.

2. Plaintiff's Motion for Extension of Time to File Amended Complaint (Dkt. 18) is GRANTED. The Amended Complaint, originally due on January 30, 2025, is now due **45 days** after issuance of this Order. Failure to file an amended complaint by

**ORDER - 3**

that date will result in entry of judgment without prejudice on all of Plaintiff's claims.

3. Plaintiff's Motion for a Hearing (Dkt. 19) is DENIED.

DATED: May 2, 2025

_____
B. Lynn Winmill
U.S. District Court Judge

**ORDER - 4**